IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2008-FL

| | | |
|---|---|---|
| RONNIE FRANKLYN HOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HERB JACKSON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Ronnie Franklyn Hood, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion to dismiss (DE # 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Herb Jackson. The matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On September 20, 1994, petitioner pleaded guilty in the Harnett County Superior Court to second-degree rape and second-degree sex offense. Petitioner then was sentenced to two consecutive forty (40) year terms of imprisonment. Petitioner did not file a direct appeal.

On May 26, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Harnett County Superior Court, which was summarily denied on July 22, 2009. On September 8, 2009, petitioner submitted a *pro se* petition for a writ of certiorari to the North Carolina Court of Appeals. Petitioner's petition for a writ of certiorari was denied on September 22, 2009. On

September 25, 2009, petitioner filed a *pro se* "Motion for Leave to Amend Petition for Writ of Certiorari," which was denied the same day.

On December 30, 2009, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] Petitioner alleges: (1) his conviction was obtained by an involuntary guilty plea; (2) his conviction was obtained in violation of his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (3) his conviction was obtained due to the ineffective assistance of his trial counsel.

On March 3, 2010, respondent filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Petitioner filed a response on March 25, 2010, and respondent filed a reply brief on March 26, 2010.

## DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) generally determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).[2] As such, the court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's

---

[1] The petition was filed on January 12, 2010, but dated December 30, 2009. Providing petitioner the benefit of the mailbox rule, the court will construe the date of filing of this habeas petition as December 30, 2009. Cf. Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[2] A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

2

claim is time-barred[,]" by considering a motion to dismiss. Goodman v. Pixair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Nevertheless, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Id. Here, sufficient factual matter is contained in the petition to reach respondent's statute of limitations argument.

B.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. If a prisoner's conviction became final prior to the effective date of AEDPA, the one-year statute of limitations runs from April 24, 1996, AEDPA's effective date. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The running of the limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

In the case at hand, petitioner's conviction became final prior to the effective date of AEDPA. Therefore, absent any tolling, the limitation period expires on April 24, 1997. Petitioner did not have any pending claim for post-conviction relief on the date AEDPA was enacted, nor was

3

any such claim pending between April 24, 1996, and April 24, 1997.[3] Thus, because the statutory

period was not tolled, petitioner's statute of limitations expired on April 24, 1997. As a result, the

instant federal habeas petition, which petitioner filed on December 30, 2009, is over ten years out

of time.[4]

Petitioner argues that he is entitled to equitable tolling. Even though the purpose of AEDPA

is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute

of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en

banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies: "Any

invocation of equity to relieve the strict application of a statute of limitations must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.

. . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id.

at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling

only is "appropriate when . . . extraordinary circumstances beyond [petitioner's] control prevented

him from complying with the statutory time limit." Id. (citation and internal quotation marks

omitted).

---

[3] Although the running of the limitation period is tolled while state collateral review is pending, no tolling is permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. Appx. 271 (4th Cir. 2006). Petitioner's MAR was filed on May 26, 2009, well after the expiration of the statutory period. Accordingly, petitioner's MAR did not operate to toll this action pursuant to § 2244(d)(2).

[4] Petitioner contends that his one year statute of limitations time period did not begin to run on April 24, 1996 because he was not aware of the non-parole eligibility status of his sentence until November 14, 2003. Even assuming that this is the date on which petitioner could have discovered his cause of action through due diligence, see 28 U.S.C. § 2244(d)(1)(D), petitioner's claims still would be time barred because the one-year period would have expired on November 14, 2004.

4

Petitioner claims he is entitled to equitable tolling because he was not advised of AEDPA's one-year period, he did not have access to a law library, and he did not have legal experience. Petitioner also bases an equitable tolling claim on his assertion that he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS"). These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); see also Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992 at *3 (E.D. Va. Oct. 25, 2006) ("[D]elays due to seeking legal advice, and related allegations of inadequate prison law libraries . . . [do] not to constitute the 'extraordinary circumstances' [that] warrant the application of equitable tolling."); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for NCPLS). Because petitioner's claim fails to satisfy the "extraordinary circumstances" standard, he is not entitled to equitable tolling. Thus, his petition is time-barred. Respondent's motion to dismiss is accordingly GRANTED.

B.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been

5

adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 7) is GRANTED. The

Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 1st day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

7